[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
1. The court considered all the statutory criteria in arriving at its decision on the amount of counsel fees to be awarded to the plaintiff.
The award of counsel fees by the court took into account the previous payment of $6,000 to the plaintiff. The court also took into account the attorney's fees of Florida counsel. The award of counsel fees was not the full amount of counsel fees incurred by the plaintiff as set forth in counsel's affidavit of fees.
At the time of the hearing and prior to the lump sum award, the plaintiff had no liquid assets except for $5,200 in her bank accounts and a $15,000 IRA account. The court found the plaintiff to be a credible witness.
The court finds that the plaintiff did not have sufficient liquid assets to pay total attorneys' fees in excess of $20,000 and took this into account when framing the financial awards.
The court considered 46b-82 C.G.S. in arriving at the decisions reflected in the orders with respect to counsel fees. The court did not desire to undermine its financial award to the plaintiff. The plaintiff is 63 years of age, in fair health and has not worked outside the home in over 25 years.
2. Plaintiff testified that at the time of the marriage in April 1979, she had a portfolio of $100,000. There was no evidence or testimony produced to contradict this testimony. The plaintiff testified that this portfolio was completely expended as a result of some poor investments and the decline of the stock market.
During the course of the marriage, the husband was always gainfully employed. The wife took on the traditional role of homemaker. The husbands income ran the family. The parties purchased and sold the Madison property during the course of their marriage. The plaintiff put in $28,000 of her assets into this home. The parties purchased the Florida real estate in 1988 and both pieces of real estate were placed in joint names. The court considers the real estate to be marital property to be divided CT Page 4497 between the parties.
3. The court did not take into account that the parties had lived together prior to their marriage, in fashioning its financial awards. The court simply noted this fact, as evidence concerning the parties pre-marital living arrangements had been presented at trial.
4. The court did not intend to continue the temporary alimony award subsequent to the payment of the lump sum award of $350,000. However, the filing of the Motion to Reargue and Open had the effect of staying the orders of the court as entered on April 6, 1992, except as to awards of periodic alimony. The court provided for such a contingency by ordering the payment of $450 per week until the lump sum amount of $350,000 was paid to the plaintiff.
The defendant's Motion to Reargue and Open was heard on May 11, 1992. The defendant's Motion was denied after a hearing. Until such time as the lump sum payment is paid to the plaintiff, the defendant shall pay the sum of $450 per week to the plaintiff.
The defendant is ordered to pay the plaintiff the sum of $450 per week through May 11, 1992, the date in which the defendant's Motion to Reargue and Open was denied.
Further, the pendente lite order of alimony of $450 per week shall continue until the lump sum amount of $350,000 has been paid to the plaintiff. The payment of $450 per week shall terminate upon the payment by the defendant to the plaintiff of the lump sum amount.
The arrears and the counsel fees shall be paid to the plaintiff from the escrow account. The defendant shall be entitled to any interest accruing in the escrow account.
5. No contempt is found and no further award of attorney's fees is ordered.
COPPETO, J.